IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN RIPPEY,<br><br>                  Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>                  Respondent. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM FINAL ORDER OR JUDGMENT**<br><br>Case No. 2:15-CV-236 RJS<br><br>District Judge Robert J. Shelby |

On September 18, 2018, this Court denied this habeas petition. (Doc. No. 47.) Petitioner had brought ineffective-assistance-of-counsel claims under 28 U.S.C.S. § 2254 (2018). The Court concluded that one of Petitioner's challenges was procedurally barred and did not qualify for exceptional treatment. The Court then denied the remaining claims on the merits.

Under Federal Rule of Civil Procedure 60(b), Petitioner moves for relief from the final order and judgment in this case. His whole argument is: "[D]ue to mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, etc. related to [this case], Petitioner seeks an order granting the reopening of [the case]." He provides no specifics and no support.

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. Civ. P. 60(b).

This Court has thoroughly reviewed its ruling vis-à-vis Rule 60(b)'s reasons under which relief from judgment may be granted. The Court finds its procedural-default analysis is firmly grounded and that its representation of the state-court rulings is accurate. Petitioner has not brought to the Court's attention any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct, or any other circumstance, to trigger Rule 60(b) relief. The Court therefore denies the motion.

The Court next considers whether to issue a certificate of appealability (COA) here. *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as one claim was, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2018)). Petitioner has not made this showing.

On the other hand, regarding the issues decided on the merits, Petitioner may obtain a COA only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.S.

§ 2253(c)(2) (2018).  The showing must be such "that reasonable jurists could debate whether . . . the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The analysis incorporates the federal habeas statute's "deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).  Petitioner has not convinced the Court of any of these points. He has not shown denial of a constitutional right, debatability of the final result or that Petitioner's claims deserve further encouragement.  This conclusion incorporates the federal standard of review regarding habeas claims.

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from the judgment is **DENIED**. (Doc. No. 51.)

(2) a certificate of appealability is **DENIED**.

DATED this 14th day of January, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court