THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN RIPPEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>　　　　　Respondent. | **MEMORANDUM DECISION &<br>ORDER DENYING SECOND<br>MOTION FOR RELIEF FROM FINAL<br>ORDER OR JUDGMENT**<br><br>Case No. 2:15-CV-236 RJS<br><br>Chief District Judge Robert J. Shelby |

The Court denies Petitioner's post-judgment motion.

### I. BACKGROUND

Petitioner pleaded guilty to one count each of aggravated sexual abuse of a child and object rape of a child. (ECF No. 47, at 1.) He did not move to withdraw his plea and was sentenced to two concurrent terms of fifteen-years-to-life in Utah State Prison. (*Id.*) He did not bring a direct appeal, but later filed an unsuccessful state petition for post-conviction relief. (*Id.*) On appeal from that, the Utah Court of Appeals affirmed and certiorari review was denied. *Rippey v. State*, 2014 UT App 240, *cert denied*, 347 P.3d 405 (Utah 2015) (table).

Petitioner timely filed his current federal habeas petition, in which he raised ineffective-assistance-of-counsel claims. (ECF No. 47, at 1-2.) Based on procedural default[1] and substantive analysis, this Court dismissed the petition and denied a certificate of appealability. (*Id.* at 9.) The Court rejected Petitioner's motion for relief from the final order and judgment. (ECF No. 53.)

---

[1] A procedural-default dismissal is on the merits. *Brooks v. Hanson*, 741 F. App'x. 599, 600 (10th Cir. 2018) (unpublished).

Next, Petitioner filed a notice of appeal regarding the petition's dismissal and the denial of post-judgment relief, and he requested a certificate of appealability from the Tenth Circuit Court of Appeals. (ECF No. 54.) He was denied. (ECF No. 58.)

Petitioner now asks this Court again for relief from the final order and judgment, (ECF No. 60), which would necessitate consideration of the exact same grounds already adjudicated on the merits by this Court, (ECF Nos. 47, 53), and the Tenth Circuit, (ECF No. 58). He asserts the following bases support his request: "(1) newly discovered evidence; (2) fraud; (3) misrepresentation; (4) misconduct or; (5) any other reason that justifies relief." (ECF No. 60, at 2.) More specifically though, he says relief is warranted because "the Utah Third District Court issued an order reinstating [his] right to file a direct appeal." (*Id.*) He now has a direct appeal pending in the Utah Court of Appeals. *State v. Rippey*, No. 20200917-CA (Utah App. filed Jan. 6, 2021) (showing docket with ongoing procedural preparations).

## II. RULE 60(b) ANALYSIS

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   . . .
>   (6) any other reason that justifies relief.

Fed. Civ. P. 60(b).

This rule interplays with the federal habeas statute about second or successive habeas petitions. The applicable statutory language states: "A claim presented in a second or successive

habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C.S. § 2244(b)(1) (2021).

Based on Tenth Circuit law, this Court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all 60(b) motions in federal habeas cases are second or successive petitions). This Court may rule on true Rule 60(b) arguments here. However, further litigation of "second or successive" issues is governed by 28 U.S.C.S. § 2244(b) (2021).

*Gonzalez* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzalez*, 545 U.S. at 538). Because Petitioner's current post-judgment motion seeks review of the merits of habeas issues already fully treated by this Court, his motion meets the definition of a "second or successive petition"--i.e., it "in substance or effect asserts or resasserts a federal basis for relief from the petitioner's underlying conviction."

Federal statute therefore requires dismissal of the 60(b) motion, as "a second or successive habeas corpus application under section 2254," with claims that were already "presented in a prior application." 28 U.S.C.S. § 2244(b)(1) (2021).

### III. ORDER

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from the judgment is **DENIED**. (ECF No. 60.)

(2) A certificate of appealability is **DENIED**.

(3) Petitioner's "Request to Attach this Post-Judgment Supplement to Petitioner's Motion for Relief from Final Order [and] Judgment and Habeas-Corpus Petition" is **GRANTED**. (ECF No. 63.)

(4) Petitioner's motion for copies of sealed exhibits is **DENIED**. (ECF No. 64.) Petitioner should instead pursue any needed copies using the resources available to him in his ongoing direct appeal.

DATED this 9th day of March, 2022.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court